# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

EUGENE MARTIN-EL
   Petitioner                                                          :

                     v.                                           :     CIVIL ACTION NO. JFM-11-3044

STATE OF MARYLAND                       :
  Respondent

## MEMORANDUM

Petitioner Eugene Martin-el, a retired resident of Baltimore, Maryland, seeks equitable relief under the All Writs Act. His petition has been instituted pursuant to 28 U.S.C. § 2241, and his request for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

Petitioner contends that at the age of fifteen he was arrested in Baltimore City in November of 1959 and thereafter convicted and sentenced to incarceration as an adult without consideration of his juvenile status. He states that as a result of that conviction he was unable to work for the region's largest employers and was denied a passport. Petitioner seeks expunction of that conviction[1] and indicates he wishes to travel abroad. He references *Long v. Robinson*, 316 F.Supp. 22 (D. Md. 1970), *aff'd* 436 F.2d 1116 (4th Cir. 1971) and *Woodall v. Pettibone*, 465 F.2d 49 (4th Cir. 1972) in support of his claim.

Until overturned in *Long*, Maryland automatically tried Baltimore City juveniles of a certain age as adults.[2] The process, which did not affect juveniles of the same age in other

---

[1] Under "Relief Sought," petitioner "seeks the expungement of his complete Maryland Criminal Record, established in 1959, and the following collateral cases affected by that unconstitutional conviction." ECF No. 1 at 5. Maryland's electronic case system, adopted pursuant to Maryland Rules 16-1001 through 16-1011 (effective October 1, 2004), provides no information regarding petitioner's criminal history. *See* http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp

[2] A more complete background of the Maryland statutes relative to juveniles is set forth in *Matter of Anderson*, 272 Md. 85, 94-95, 321 A.2d 516 (1974).

Maryland jurisdictions,[3] was found unconstitutional as a violation of equal protection. The *Long* decision was held fully retroactive in *Woodall*. The Maryland Court of Appeals, however, limited the retroactivity of *Long* to convictions that were not final as of the date of the federal trial court's decision. *See Wiggins v. State*, 275 Md. 689, 714, 344 A.2d 80, 94-95 (1975).

*Long* was a civil rights class action lawsuit. Chief Judge Watkins of the court held that the class was limited and applied "to all cases not finally decided on May 15, 1969, the date of the filing of this suit." *Long*, 316 F.Supp at 31. Petitioner seeks to attach the seven- to ten- year sentence imposed in 1959 for robbery with a deadly weapon. Petitioner's assertion to the contrary, whether petitioner is a member of the class delineated in *Long* is unsettled, given the likelihood that petitioner's conviction was "final" years before *Long* was filed in this court.

The uncertainty as to whether petitioner is a member of the *Long* class is not dispositive of this case, which touches on the equitable consideration of expunction as well as the common law writs of coram nobis and audita querela,[4] which are authorized by 28 U.S.C. §1651(a). That statute states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Common law writs are extraordinary remedies and allowed only under compelling circumstances to "achieve justice" or to correct errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511, 512-513 (1954).

Circumstances allowing for resort to coram nobis exist where there is an error of fact,

---

[3] Juveniles from other jurisdictions came under the jurisdiction of the juvenile court, which could then decide whether juvenile offender status should be waived and the juvenile tried as an adult offense.

[4] "Writs of audita querela and coram nobis 'are similar, but not identical.' Usually, a writ of coram nobis is used 'to attack a judgment that was infirm [at the time it issued], for reasons that later came to light.' By contrast, a writ of audita querela is used to challenge 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.' " *United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002). Arguably, the instant case is more properly couched as a writ of audita querela.

unknown at the time of trial, which is of a fundamentally important character and would probably have changed the outcome of the proceedings had it been known at the time of trial. *See Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984). Coram nobis is available only to remedy "factual errors material to the validity and regularity of the legal proceeding itself." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). For coram nobis relief to issue, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Bazuaye*, 2010 W.L. 4366456, * 1 (4th Cir. 2010) (unpublished), citing *Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir. 1987). The instant case does not allege factual error. Furthermore, petitioner does not explain why he did not attempt to overturn his conviction after he was denied job opportunities starting in the mid-1960s and denied a passport in 1970. Coram nobis relief is not warranted here.

The writ of audita querela challenges a judgment correct at the time entered but was subsequently rendered infirm. *See United States v. Reyes*, 945 F.2d 862, 863 (5th Cir. 1991). Audita querela is not available to raise claims that were or could have been raised through other remedies. *See generally United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001); *United States v. Torres*, 282 F.3d at 1245; *Massey v. United States*, 581 F.3d 172, 173-74 (3rd Cir. 2009). As previously noted, petitioner provides no indication that he timely attempted to obtain relief in the state courts after suffering negative impact economic and travel restrictions as a result of his conviction. Audita Querela relief is not warranted here.

The view among the federal courts is that records of valid arrests, indictments, or convictions ordinarily may not be expunged. *See e.g., United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977). A federal court has only very limited equitable power to order expunction of records even in the context of a federal criminal case and its discretionary authority to do so is a narrow one reserved for the unusual or exceptional situation. *See United States v. Noonan*, 906 F.2d 952, 956 (3rd Cir. 1990); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir.1997); *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); *Geary v. United States*, 901 F.2d 670, 679-80 (8th Cir. 1990). The Fourth Circuit has concurred with this reasoning in recognizing that there may be occasions where it is appropriate for a court to order an expunction because of "extreme or exceptional circumstances." *See Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984); *Woodall,* 465 F.2d at 52 (determining whether expunction is required should occur on case-by-case basis when raised by one affected by inequitable conviction). Thus, the option of expunction must be examined here.

Two opinions issued by this Court provide guidance as to federal court jurisdiction over expunction motions and the authority to expunge. In *United States v. Steelwright*, 179 F. Supp.2d 567 (D. Md. 2002), Magistrate Judge Paul W. Grimm surveyed the case law on the "special" circumstances that might warrant expunction where the sole basis alleged by a petitioner is that he or she seeks equitable relief, *i.e.*, enhancement of employment opportunities. Judge Grimm noted that:

> Although a nebulous concept, "extreme or exceptional circumstances" has been characterized as occurring, for example, when the underlying arrest and conviction has been the result of official misconduct or the denial of a constitutional rights. *See United States v. Sweeney*, 914 F.2d 1260, 1264 (9th Cir. 1990) ("Even were expunction within the powers of the magistrate [judge], which we doubt, no government misconduct or unconstitutionality, statutory or

4

> otherwise, has been alleged."); *Allen*, 742 F.2d at 155 (quoting *Schnitzer*, 567 F.2d at 539); *Maurer v. Los Angeles County Sheriff's Dept.*, 691 F.2d 434, 437 (9th Cir. 1982) (expungement available when defendant claimed his arrest was unconstitutional); *Schnitzer,* 567 F.2d at 539; *U.S. v. McLeod*, 385 F.2d 734 (5th Cir. 1967) (arrest record expunged because sole purpose behind arrest was to harass civil rights workers). Exceptional circumstances also have been demonstrated when the statute on which the arrest was based is subsequently found to be unconstitutional. *Kowall v. United States*, 53 F.R.D. 211 (W.D. Mich.1971). There is also some authority, including this district, suggesting that an "extreme circumstance" possibly may be demonstrated by showing that the defendant "had been denied a security clearance or specific job opportunities, or had otherwise been materially harmed by the presence of the criminal records." *Stromick*, 710 F.Supp. at 614-615; *see also United States v. Friesen*, 853 F. 2d 816, 817 (10th Cir. 1988); *Diamond v. United States*, 649 F.2d 496, 498 (7th Cir. 1981) ("If the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate.").

*United States v. Steelwright*, 179 F. Supp.2d at 573-74.

In *United States v. Gary*, 206 F. Supp.2d 741 (D. Md. 2002), Gary, who had been acquitted of drug charges, sought to expunge her record so that she could "fulfill her dream of becoming of police officer." *Id.* Judge Frederic N. Smalkin denied the request, finding that while the district court possesses ancillary jurisdiction to expunge criminal records, it did not have power to order expunction based on "equitable considerations," *e.g.*, enhancement of employment opportunities, and its jurisdiction was limited to expunging the record of an unlawful arrest or conviction or to correct a clerical error. *Id.* at 741. Judge Smalkin held that:

> Although there is no direct authority in this Circuit on the issue, this Court agrees with the Ninth Circuit and other circuits that this Court "possess[es] ancillary jurisdiction to expunge criminal records." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). However, as the *Sumner* court held, "a district court [does not have] the power to expunge a record of a valid arrest and conviction solely for equitable considerations. In our view, a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id.*

*See United States v. Gary*, 206 F.Supp.2d at 741-42.

While sympathetic to petitioner's request, the court realizes that any basis for expunction

5

in this case lies in equity and is not available in this forum. Petitioner must pursue his expunction request in the Circuit Court for Baltimore City. To that end, the instant petition shall be denied without prejudice to allow petitioner to pursue the equitable remedy of expunction in the state courts. As petitioner is not entitled to relief here, he has no absolute entitlement to appeal this court's denial of his petition. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c) (2). Petitioner has failed to demonstrate entitlement to a COA in the instant case.

    Relief is denied. A separate order shall be entered in accordance with this Memorandum.

 November 9, 2011                                ___/s/_____
(Date)                                                 J. Frederick Motz
                                                               United States District Judge